**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MONTE LUFFEY, et al.**                                                                    **PLAINTIFFS**

**VS.**                                                            **CIVIL ACTION NO.1:06cv901-LTS-MTP**

**STATE FARM FIRE AND CASUALTY COMPANY**                                  **DEFENDANT**

**ORDER ON MOTION FOR ADVERSE INFERENCE**

This matter came before the court on Plaintiffs' Motion for Adverse Inference [85], and the court having reviewed the parties' submissions and having considered the arguments of counsel, hereby finds that the motion should be denied.

In their motion, plaintiffs request that an adverse inference be drawn from State Farm's counsel's alleged interference with the company's corporate deposition by "initiating a private consultation with the deponent while Plaintiffs' counsel had a question pending." However, as asserted by the defendant, and as established by the video excerpt submitted with the defendant's response, the recess--which lasted approximately two minutes-- was initiated by the deponent, and not counsel. While the court agrees with plaintiffs' assertion that such conferences are generally inappropriate, the court has carefully reviewed the parties' submissions as well as the video of the disputed deposition recess and finds that sanctions are not warranted.

Plaintiffs cite to cases outside the Fifth Circuit in support of their motion for an adverse inference, which involve the destruction of documents or evidence, and not conduct during a deposition. However, with one exception,[1] even the cases cited by plaintiffs require a finding of bad faith to impose an adverse inference. This court and the Fifth Circuit have likewise held that a

---

[1] Plaintiffs cite to *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 267-68 (2nd Cir. 1999), which held that the district court did not abuse its discretion in instructing the jury that it could draw an adverse inference based on a finding of gross negligence and not bad faith. However, this standard is contrary to Fifth Circuit precedent.

finding of bad faith is required to draw an adverse from the destruction of documents or evidence. *See King v. Illinois Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *Williams v. CSX Transp., Inc.*, 925 F. Supp. 447, 452 (S.D. Miss. 1996). Plaintiffs have not established any bad faith on the part of the defendant or any basis for the imposition of sanctions.

Accordingly, Plaintiffs' Motion for Adverse Inference [85] is DENIED.

SO ORDERED this the 5th day of September, 2007.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge